NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of | Case No. 08-32423/JHW |
| Paul F. Livore | Adver. No. 10-1094 |
| Debtor | |
| Paul F. Livore and Jean Marie Livore | **OPINION** |
| Plaintiffs | |
| v. | **FILED** |
| John W. Hargrave and Associates | JAMES J. WALDRON, CLERK |
| Defendant | May 6, 2010 |
| | U.S. BANKRUPTCY COURT CAMDEN, N.J. |
| | BY: Theresa O'Brien, Judicial Assistant to Chief Judge Wizmur |

APPEARANCES: Joseph A. McCormick, Esq.
Weinberg & McCormick
109 Haddon Avenue
Haddonfield, New Jersey  08033
Attorneys for John Hargrave, Chapter 7 Trustee

Paul F. Livore
Jean Marie Livore
325 Harrisonville Road
Mullica Hill, New Jersey  08062
Pro Se Plaintiffs

## FACTS AND PROCEDURAL HISTORY

This matter is before the court on a motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6), as made applicable by Federal Rule of

Bankruptcy Procedure 7012. Paul F. Livore ("debtor") filed a complaint seeking the removal of Chapter 7 trustee John Hargrave ("trustee") pursuant to 11 U.S.C. § 324(a) and the denial of compensation to the trustee pursuant to 11 U.S.C. § 326(d). The trustee moved to dismiss in lieu of an answer, alleging that the debtor's complaint fails to state a cause for either removal or denial of compensation. For the reasons expressed below, the trustee's motion will be granted on all counts.

## STATEMENT OF FACTS

Paul F. Livore filed a voluntary chapter 11 bankruptcy petition on November 13, 2008. The debtor owned and operated nine rental properties.[1] During the Chapter 11 case, five secured creditors were granted relief from the automatic stay. 11 U.S.C. § 362(d).

The United States Trustee ("UST") filed a motion to convert or dismiss debtor's Chapter 11 bankruptcy petition on April 15, 2009. The UST requested conversion due to debtor's failure to maintain insurance, failure to file monthly operating reports, failure to pay quarterly fees, and failure to comply with an

---

[1] A laundromat business owned and operated by the debtor filed a Chapter 7 bankruptcy on October 6, 2008.

order of the court. This court entered an order to convert the case to Chapter 7 on June 15, 2009.

John Hargrave was appointed as the Chapter 7 trustee on June 16, 2009. On September 22, 2009, this court granted an order <u>nunc</u> <u>pro</u> <u>tunc</u> to July 16, 2009, allowing the trustee to operate the debtor's business, which was the management of his rental properties. The trustee retained real estate brokers (Re/Max Connection and Main Street Realty) to market the debtor's investment properties, and an accountant to assist in the administration and liquidation of the debtor's bankruptcy estate.

On December 23, 2009, the trustee filed a complaint objecting to discharge pursuant to 11 U.S.C. § 727(a)(2). He claimed that debtor failed to provide him with an accounting of all revenue received and rents collected during the Chapter 11 administration. He further alleged that the debtor misappropriated money and property of the estate. Debtor responded that he provided the trustee with all requested financial information immediately following the conversion to Chapter 7, and denied any misappropriation of funds.

Debtor filed a complaint on January 25, 2010, alleging in nine counts

that the trustee unreasonably delayed the bankruptcy process, committed fraud, mismanaged the estate, and mistreated debtor. The trustee moves to dismiss because the debtor failed to plead facts that plausibly show cause for removal or denial of compensation.

## DISCUSSION

A. <u>Standard of Review</u>.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true, view them in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929, 949 (2007); <u>Fowler v. UPMC Shadyside</u>, 678 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citing Twombly, 550 U.S. at 556).

The United States Supreme Court set forth a two-step analysis for adjudicating a motion to dismiss. Iqbal, 129 S. Ct. At 1949-50. First, a court should identify and reject labels, conclusory allegations, and formulaic recitation of the elements of a cause of action. Id. Second, a court must draw on its judicial experience and common sense to determine whether the factual content of a complaint plausibly gives rise to an entitlement to relief. Id. at 1950. The court must infer more than the mere possibility of misconduct. Id. This does not impose a probability requirement at the pleading stage, but mandates "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In deciding motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim. Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

B.   Causes of Action.

Plaintiff seeks removal of the trustee pursuant to 11 U.S.C. § 324(a). Code Section 324(a) provides that "[t]he court, after notice and a hearing, may remove a trustee . . . for cause." Cause, which is not defined by the Code, must be determined by courts on an ad hoc basis. In re Reed, 178 B.R. 817, 821 (Bankr. D. Ariz. 1995). Cause has been found to exist, inter alia, where the trustee is not disinterested, fails to perform his or her duties, unreasonably delays in the performance of those duties, or violates the fiduciary duty to the estate. In re Lundborg, 110 B.R. 106, 108 (Bankr. D. Conn. 1990) (collecting cases).

The party seeking removal of a trustee must also prove actual injury or fraud. See In re Martin, 817 F.2d 175, 181 (1st Cir. 1987) ("[H]orrible imaginings alone cannot be allowed to carry the day."); In re Cee Jay Discount Stores, Inc., 171 B.R. 173, 175 (Bankr. E.D.N.Y. 1994) (holding that a trustee is not to be removed unless actual injury or fraud occurs); Lundborg, 110 B.R. at 108.

Furthermore, a trustee is protected by the business judgment rule, and cause for removal will only be found where the trustee acts in bad faith or unreasonably under the circumstances. In re Curlew Valley Assocs., 14 B.R. 506, 513 (Bankr. D. Utah 1981). A trustee should not be removed for mistakes

-6-

in judgment where that judgment was discretionary and reasonable under the circumstances. In re Haugen Constr. Serv., Inc., 104 B.R. 233, 240 (Bankr. D.N.D. 1989). Courts should consider the best interest of the estate, rather than those of a single movant, when determining whether to remove a trustee. Baker v. Seeber (In re Baker), 38 B.R. 705, 708 (Bankr. D. Md. 1983).

Plaintiff also seeks denial of the Trustee's compensation pursuant to 11 U.S.C. § 326(d). Code Section 326(d) permits a court to deny compensation and reimbursement of expenses to a trustee if the trustee failed to make a diligent inquiry into facts that would disclose that a professional person employed by the trustee was not disinterested with respect to the debtor. 11 U.S.C. § 326(d), 328(c).

C.  Application.

1.  Counts Relating to Unreasonable Delay: Counts One and Two.

Counts One and Two of the complaint pray for removal of the trustee because he allegedly delayed the bankruptcy process with the ultimate goal of self-gain. Count One alleges that the trustee lied in pleadings filed with the court, most notably in the complaint he filed objecting to the debtor's

discharge, erroneously contending that the debtor failed to provide requested financial information, failed to provide keys to rental properties, and changed the locks to rental properties. According to the debtor, the filing of the complaint objecting to discharge was occasioned by the trustee's desire to delay the administration of the estate and thereby maximize profit for himself and his associates. Count Two alleges that the trustee fabricated the need for an extension for time to object to discharge, and eventually objected to discharge, only to cause delay.

Unreasonable delay constitutes cause to remove a bankruptcy trustee. In re Mira-Pak, Inc., 72 B.R. 430, 431 (Bankr. S.D. Tex. 1987). However, the factual content of Counts One and Two do not plausibly give rise to an entitlement to relief. Rather, the debtor's recitations appear to represent defenses to the trustee's complaint objecting to the debtor's discharge. The debtor claims that the trustee's allegations cannot be true, because he and his spouse were out of the country when the events described occurred. Of course, the debtor will have the opportunity to present these defenses to the complaint objecting to his discharge. But the facts recited by the debtor to support these counts do not present a plausible basis to contend that the trustee delayed unreasonably in moving forward, or that he committed some sort of misconduct, either by seeking an extension of time to file a complaint for

nondischargeability, or by filing the complaint itself. A trustee is obligated to gather information and file an informed objection to discharge where necessary. These actions do not support either the trustee's removal or the denial of the trustee's compensation. See In re Heartland Payment Systems Sec. Litig., 2009 U.S. DIST. LEXIS 114866, at *14 (D.N.J. Dec. 7, 2009) (granting motion to dismiss where facts alleged were more plausibly explained by lawful behavior than illegal deception). Counts One and Two are accordingly dismissed.

2. Count Relating to Fraud: Count Three.

Count Three of the complaint prays for removal of the Trustee because he allegedly colluded with a real estate broker to enrich himself and his associates at the expense of the estate. The debtor's factual support for this count of the complaint consists of a conversation he had with a real estate broker, who had a conversation with another broker, who mentioned that a third broker had a relationship with an unnamed trustee in South New Jersey, whereby the third broker was "'stealing these properties at 10 cents on the dollar' since the Trustee could control the estate." Based on this conversation, the debtor concluded that the trustee had entered into what the debtor labeled as a "Business Element" to enrich himself at the expense of the estate.

A trustee owes a fiduciary duty to the estate, the violation of which is cause for removal. In re Vega, 102 B.R. 552 (Bankr. N.D. Tex. 1989). Colluding with a real estate broker to profit from estate property certainly constitutes a breach of this duty. But debtor's claim is entirely devoid of factual support. His conclusory allegation based on several levels of hearsay is not entitled to the presumption of truth. Iqbal, 129 S. Ct. at 1949-50. And even if Mr. Hargrave were the unnamed trustee, it is not plausible that he entered into a "Business Element," as the debtor labels the alleged scheme, to manipulate the bankruptcy laws for personal gain. All sales must be public, disclosed by the trustee, on notice to all parties in interest, and subject to the highest and best offer received. 11 U.S.C. § 363. No specific examples of misconduct are cited here. Count Three is dismissed.

3. <u>Counts Relating to Management of the Estate: Counts Four, Five, Seven, Eight, and Nine.</u>

The debtor contends in several counts that the trustee should be removed because he mismanaged the estate. It is unclear which theory for removal the debtor pursues. Mismanagement may be indicative of several recognized causes for removal: incompetence, failure to perform the duties of a trustee, and breach of fiduciary duty. A trustee's management decisions, however, are protected by the business judgment rule. Lundborg, 110 B.R. at

108. Mere mistakes in judgment do not justify removal. A court will not entertain objections to a trustee's conduct where that conduct involves a business judgment, made in good faith, upon a reasonable basis, and within the scope of the trustee's authority under the Code. In re Curlew Valley Assocs., 14 B.R. at 513.

In Count Four, the debtor claims that the trustee ignored requests to challenge certain claims, in particular, the claim of First Colonial National Bank (the "Bank"). The Bank held a mortgage against several of the debtor's investment properties, and sought relief from the stay shortly before the case was converted to Chapter 7. The only objection filed on behalf of the debtor was an objection to the form of order submitted. The debtor was represented by counsel, who stated on the record that the debtor did not oppose relief from the stay as to two of the properties. Further, it was determined at the hearing that the assignment of rents held by the Bank on all of the properties would be enforced, and that all future rents on the six properties at issue must be paid directly from the tenants to the Bank.

The debtor contends in Count Four that after the conversion of the case to Chapter 7, he presented information to the trustee that the Bank's mortgage had been released, eliminating the bank's right to collect rent on the

underlying property, and that prior to the bankruptcy filing, the bank deceived him into entering a new loan agreement. Notwithstanding the debtor's request for action by the trustee against the Bank, the trustee chose not object to the Bank's claims.

Failing to contest illegitimate claims, a basic responsibility of the trustee, may constitute cause for removal. See Matter of Schoen Enterprises, Inc., 76 B.R. 203, 206 (Bankr. M.D. Fla. 1987) (removing trustee for failure to perform his duties). However, a trustee is not required to pursue every asset or cause of action belonging to the estate. See In re Haugen Constr. Servs., Inc., 104 B.R. at 240 (trustee must decide whether pursuing litigation will benefit estate); In re Reed, 178 B.R. at 821 (trustee has complete authority and discretion regarding the prosecution or defense of any litigation with respect to the debtor's estate). Here, the debtor failed to show in his fact recitation that the trustee's determination not to challenge the Bank's claim was so unreasonable that it is not protected by the business judgment rule and that the lack of action by the trustee in this regard warrants removal. Count Four must be dismissed.

The acts complained of in Count Five, that the trustee fired the debtor from the task of managing the estate's rental properties and engaged a property

management service, were likewise within the trustee's business judgment. The debtor asserts that the trustee was not set up to manage rental properties, initially hired the debtor to do so, withheld pay to intimidate the debtor, refused to provide adequate resources, and eventually fired the debtor, all steps which the debtor criticizes and considers unreasonable. But even if we accept the debtor's factual recitation as presumptively truthful, the debtor has not overcome the business judgment rule, which protects the trustee against mere mistakes in judgment. Count Five is thus dismissed.

Count Seven alleges that the trustee breached his fiduciary duty to make required repairs to estate property, in particular, 107 East Stiles Avenue, Collingswood, New Jersey, resulting in unnecessary tickets and fines. The debtor alleges that the trustee failed to pay assessed municipal fines, resulting in monetary penalties, an arrest warrant issued against the debtor, and the revocation of the debtor's drivers license for failure to appear in municipal court in response to alleged violations relating to the property.

Relief from the stay was granted to the secured creditor on April 27, 2009, prior to the conversion of the case to Chapter 7. Following the conversion, the trustee determined to abandon the property back to the debtor, and filed a Notice of Information to that effect on October 14, 2009.

A trustee owes a fiduciary duty to the estate, including the duty to maximize property value. In re Mushroom Transp. Co., 382 F.3d 325, 339 (3d Cir. 2004); Official Comm. of Unsecured Creditors of Cybergenics Corp.v. Chinery, 330 F.3d 548, 573 (3d Cir. 2003); In re Vega, 102 B.R. at 552. Here, the trustee chose to abandon the subject property rather than to expend estate resources to repair a property on which the automatic stay had been lifted before the appointment of the trustee. Again, the trustee's business judgment in this regard is protected, and the facts alleged, even if considered presumptively true, do not warrant cause for the trustee's removal. Count Seven is accordingly dismissed.

Count Eight presents several allegations relating to mismanagement. The debtor alleges that the trustee is withholding financial information regarding the rental properties, failing to make mortgage payments on rental properties despite having adequate funds, refusing to repair rental properties, thereby delaying re-rental, and ignoring the debtor's managerial suggestions. Yet again, the debtor fails to plead facts that would overcome the deference afforded to the trustee's business judgment. The trustee must ultimately account for all financial transactions involving the property of the estate in his final report. But the trustee must exercise his own judgment about the allocation of estate resources during the administration of the estate, and the

acceptance or rejection of a party's managerial suggestions is subject to the trustee's business judgment. Count Eight is dismissed.

Count Nine also attacks the trustee's management decisions, claiming that he improperly and unnecessarily planned to completely liquidate all estate assets for personal gain, notwithstanding the availability of equity in one property alone to satisfy all unsecured creditors in full. This is a conclusory allegation not entitled to the presumption of truth. Iqbal, 129 S. Ct. 1949-50. The trustee has a duty to liquidate the assets of the bankruptcy estate "as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. §704(a)(1), and the trustee must exercise his business judgment to determine the manner of liquidation. Each proposed sale is noticed, and the opportunity to object to each sale is available. The trustee may pursue a short sale, meaning a sale that produces proceeds that are insufficient to satisfy the liens against the property, only if the secured creditors agree, and the unsecured creditors will receive a benefit from the sale. No factual recitation is provided to reflect how the trustee has allegedly violated these basic principles by his actions. Count Nine is dismissed.

    4.    <u>Count Relating to Mistreatment of the Debtor: Count Six.</u>

Even if the facts alleged in Count Six are accepted as true, the allegations fail to show cause for removal. The debtor alleges that the trustee insulted and belittled him, citing specific comments.[2] However, verbal abuse does not constitute a cause for removal of a trustee. A trustee's fiduciary duties are owed to the estate and creditors, not to the debtor personally. See In re Mushroom Transp. Co., 382 F.3d at 339 (trustee's fiduciary duties include maximizing the value of the estate and protecting property for the benefit of creditors) (citations omitted); Lundborg, 110 B.R. at 108 ("[C]ourts should consider the best interest of the estate, rather than those of a single movant-creditor, when determining whether to remove a trustee."). The trustee correctly reflects that in this count, no injury to the bankruptcy estate is alleged, and no failure by the trustee to perform his § 704 duties is implicated. Count Six is dismissed.

5. <u>Request for Denial of Trustee Compensation</u>.

The debtor's request for denial of compensation must also be rejected. The trustee has not yet filed a fee application. The debtor is entitled to challenge the fee application once the request is made. 11 U.S.C. § 326, 330.

---

[2] The trustee denies all allegations in this count, except for suggesting that the debtor get a job at WaWa, if other work is unavailable.

## CONCLUSION

For the reasons advanced, I conclude that the debtor has failed to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The trustee's motion to dismiss is granted.

Dated: May 6, 2010

_____
JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT